|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JASON EDWARD SOMERVILLE, as Trustee of the Saint Andrews Trust, and E. GREG SOMERVILLE, Beneficiary of the Saint Andrews Trust,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as Trustee for the WORLD SAVINGS REMIC TRUST, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 16 and DOES 1-100, inclusive,<br><br>Defendants. | No. 2:18-cv-02033-JAM-EFB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Wells Fargo Bank, N.A. and The Bank of New York Mellon's (collectively, "Defendants") Motion to Dismiss for failure to state a claim upon which relief can be granted. Mot., ECF No. 5. Jason Edward Somerville, as trustee of the Saint Andrews Trust, and E. Greg Somerville, beneficiary of the Saint Andrews Trust (collectively, "Plaintiffs" filed an opposition to Defendants' motion, ECF No. 7, to which Defendants replied, ECF No. 8. After consideration of the parties' briefing on the motion and relevant legal

1

authority, the Court GRANTS Defendants' Motion to Dismiss.[1]

## I. BACKGROUND

Sunil Wadhwa borrowed $712,500 from World Savings Bank, FSB on July 16, 2004 ("the Loan"). Compl., Ex. A, ECF No. 1-1, pp. 22-39. The Loan was secured by a Deed of Trust recorded against a property located at 4916 Saint Andrews Drive, Stockton, CA 95219 ("the Property"). Id. World Savings Bank served as the original lender and loan servicer, while Golden West Savings Association Service Company served as the trustee. Compl., ECF No. 1-1, ¶ 6. Around May 2007, Wachovia acquired Golden West. Compl. ¶ 7. Wells Fargo Bank acquired Wachovia the following year and began to service Wadhwa's loan. Id. ¶¶ 7-8.

The Complaint alleges that the Loan was sold to the World Savings REMIC Trust, Mortgage Pass-Through Certificates, Series 16 ("WSR 16 Trust") on or before August 19, 2004. Id. ¶ 10. Plaintiffs assume this because Golden One reported it securitized $24.5 billion of originated loans in 2004. Id. Based on this assumption, Plaintiffs allege that Wadhwa's Loan was not among the assets Wells Fargo acquired in 2008, and Wells Fargo has no beneficial interest in the Loan. Id. ¶ 12. Plaintiffs further allege that the Deed of Trust has never been reassigned from World Savings to another entity, including the trust to which they allege it was sold. Id. ¶ 17.

In September 2010, Wadhwa executed a grant deed conveying the Property to Savun Phon for $1.00 in consideration. Id. ¶ 21;

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 16, 2018.

2

Compl., Ex. D, ECF No. 1-1, pp. 193-95. Phon, in turn, executed a grant deed conveying the Property to Jason Somerville for an undisclosed amount in January 2011. Compl. ¶ 22; Compl., Ex. D, ECF No. 1-1, pp. 196-201.

In January 2014, Wells Fargo appointed NDEX West, LLC as the substitute trustee. Compl. ¶ 23; Compl., Ex. F, ECF No. 1-1, p. 206. That same month, after Wadhwa defaulted on his obligations under the Loan, NDEX recorded a notice of default. Compl. ¶ 24; Compl., Ex. G, pp. 208-11. In April 2014, NDEX recorded a Notice of Trustee's Sale, followed by a Trustee's Deed Upon Sale memorializing a foreclosure sale to Wells Fargo recorded in November 2014. Compl., Exs. H-I, pp. 213-18. NDEX rescinded the sale in December 2014. Compl., Ex. J, pp. 220-22. In June 2015 and January 2016, NDEX West recorded two additional notices of trustee's sale. Compl. ¶ 28; Compl., Exs. J-K, pp. 224-28. Wells Fargo purchased the Property at foreclosure sale in December 2016 for $637,503.16. Compl. ¶ 29. Compl., Ex. M, pp. 230-32. Wadhwa owed $1,093,192.23 on the Loan at the time of the foreclosure sale. Id.

## II. OPINION

### A. Motion to Dismiss

Plaintiff's Complaint includes claims for Wrongful Foreclosure, Quiet Title, and Cancellation of Instruments. Compl. ¶¶ 32-59. Defendants move to dismiss all three claims, arguing: (1) Plaintiffs lack standing; (2) Plaintiffs' loan securitization theory fails as a matter of law; (3) Plaintiffs' claims are preempted by the Home Owners Loan Act; and (4) Plaintiff fails to state a claim under each of the three

3

causes of action. Mot. at 4-12.

   1.   Standing

Wells Fargo instituted a foreclosure of Property in 2014 after Wadhwa defaulted on his mortgage. Although Plaintiffs received a grant deed from Phon, they did not assume Wadhwa's debt obligations under the Loan. Defendants argue that Plaintiffs lack standing to challenge the foreclosure because they are not borrowers or intended third-party beneficiaries. Mot. at 4-5. Plaintiffs agree that Wadhwa must be joined as a party, but failed to do so before the time to amend the Complaint as a matter of right expired. Opp'n at 11.

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). A non-party to a contract does not have standing to enforce the contract or to bring tort claims based on the contractual relationship. Hatchwell v. Blue Shield of California, 244 Cal. Rptr. 249, 253 (Ct. App. 1988). Similarly, a third party who incidentally benefits from a contract lacks standing to enforce the contract. Paul's Pak, Inc., 754 F. Supp. 2d 1120, 1133 (N.D. Cal. 2010).

The Court finds that Plaintiffs, who are not parties to the Loan, lack standing to challenge the foreclosure. See, e.g., Ambers v. Wells Fargo Bank, N.A., No. 13-CV-03940 NC, 2014 WL 883752, at *4 (N.D. Cal. Mar. 3, 2014); Edwards v. Wells Fargo Bank, N.A., No. CV 13-201-ABC PLA, 2013 WL 3467215, at *7 (C.D. Cal. July 9, 2013). Cf. Shetty v. Deutsche Bank Nat'l Tr. Co., No. H044194, 2018 WL 5318300, at *5 (Cal. Ct. App. Oct. 29, 2018) (holding that the non-borrower holder of a grant deed

4

lacked standing to preemptively challenge a nonjudicial foreclosure). Even if the Court granted Plaintiffs' request to belatedly join Wadhwa, Plaintiffs themselves would still lack standing. Accordingly, the Court must dismiss Plaintiffs' claims.

    2. <u>Failure to State a Claim</u>

Plaintiffs' Complaint similarly fails to plead sufficient "facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). The primary basis for their challenge—the Loan may have been securitized—relies entirely on conclusory assumptions rather than factual allegations. Indeed, the exhibits Plaintiffs attached to their Complaint indicate that Wells Fargo is the current beneficiary of the 2004 Deed of Trust, as its acquisition of Wachovia included that bank's prior acquisition of World Savings. Compl., Ex. F.

Even if the Loan had been securitized, "[c]ourts have held that securitization allegations cannot form the basis of a wrongful foreclosure claim, because they merely create a separate contract, distinct from [the borrower's] debt obligations under the note, and do not change the relationships of the parties in any way." <u>Gosal v. Wells Fargo Bank, N.A.</u>, No. 218CV00908JAMACPS, 2018 WL 2984875, at *4 (E.D. Cal. June 14, 2018), <u>adopted by</u> 2:18-CV-00908-JAM-AC (E.D. Cal. Aug. 15, 2018) (citing <u>Reyes v. GMAC Mortg. LLC</u>, No. 2:11-CV-100 JCM RJJ, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011)); <u>see also</u> <u>Tagoia v. Wells Fargo Bank, N.A.</u>, No. 17-CV-06777-YGR, 2018 WL 3377967, at *5 (N.D. Cal. July 11, 2018) ("a defendant bank does not

5

invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a ... [REMIC]").

Plaintiffs' conclusory and speculative allegations do not pass muster under Twombly and Iqbal. The Court also finds that any attempt to amend the Complaint would be futile and therefore this Motion to Dismiss is granted with prejudice.

B. Sanctions

The Court issued its Order re Filing Requirements ("Order") on July 25, 2018. ECF No. 2-2. The Order limits memoranda in support of and in opposition to motions to dismiss to fifteen pages and reply memoranda in support of motions to dismiss to five pages. The Order also states that an attorney who exceeds the page limits must pay monetary sanctions of $50.00 per page and that the Court will not consider any arguments made past the page limit. Defendants' reply memorandum exceeds the page limit by one page. The Court has not considered any arguments made after page five of the reply brief. The Court ORDERS Defendants' counsel to pay $50.00 in sanctions. Sanctions shall be paid to the Clerk of the Court within five days of the date of this Order.

III. ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: November 27, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE